21-556-cv
Commissiong v. US Dept. Housing & Urban Development

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-two.**

PRESENT:
>AMALYA L. KEARSE,
>DENNIS JACOBS,
>WILLIAM J. NARDINI,
>*Circuit Judges.*

_____

Carol Commissiong,

>*Petitioner-Appellant*,

>v.                                                                              21-556

United States Department of Housing and Urban Development, Jay Golden, Jo-Ann Frey, Tang-Chi Yeh,

>*Respondents-Appellees*.

_____

For Petitioner-Appellant:         CAROL COMMISSIONG, *pro se*, New York, NY.

For Respondents-Appellees:        Brandon H. Cowart, Benjamin H. Torrance, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Carol Commissiong, proceeding *pro se*, appeals the February 17, 2021, judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*) dismissing her complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Commissiong filed an administrative complaint with the United States Department of Housing and Urban Development ("HUD") against several individuals and entities involved in the ownership or management of her apartment, alleging that she had suffered discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* HUD issued a finding of no reasonable cause, and Commissiong filed an Article 78 petition against HUD and individual HUD employees in New York state court, alleging that the agency's finding was influenced by bribes. HUD removed the case to federal court and moved to dismiss. The district court granted the motion, holding that the respondents were entitled to sovereign immunity, and the court thus lacked subject matter jurisdiction over Commissiong's claims. It alternatively held that the FHA does not create a private right of action against HUD and HUD officials. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the district court's dismissal of a complaint for lack of subject matter jurisdiction, construing the complaint liberally and accepting all factual allegations as true. *Green v. Dep't of Educ. of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Id.* at 1075. *Pro se* submissions are reviewed with "special solicitude" and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity also protects federal officers in their official capacities from suit unless immunity has been waived. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Because "the doctrine of sovereign immunity is jurisdictional in nature, . . . the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 114 (2d Cir. 2010); *see also Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) ("A plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.").

2

The district court properly dismissed Commissiong's complaint for lack of subject matter jurisdiction. Commissiong has pointed to no evidence of a waiver of sovereign immunity from suits under the FHA, as it was her burden to do. *See Makarova*, 201 F.3d at 114. Commissiong framed this action as arising under Article 78, which is a procedural mechanism to challenge state and local agency actions under New York state law. *See* N.Y. C.P.L.R. § 7801; *Campo v. N.Y.C. Emps.' Ret. Sys.*, 843 F.2d 96, 101 (2d Cir. 1988). But she does not attempt to argue that there has been a waiver of the United States's sovereign immunity with respect to such proceedings. Nor can her complaint be construed to state a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. The APA permits judicial review of federal agency action only where "there is no other adequate remedy in a court." 5 U.S.C. § 704. That requirement is not satisfied here because the FHA provides another remedy where HUD issues a no probable cause finding: the complainant may file a lawsuit against the parties who allegedly discriminated against her in violation of the FHA. *See* 42 U.S.C. § 3613(a)(2) (aggrieved party has a cause of action under the FHA, "whether or not a complaint has been filed" with HUD); *Marinoff v. U.S. Dep't of Hous. & Urb. Dev.*, 78 F.3d 64, 65 (2d Cir. 1996) (adopting district court's reasoning to conclude that HUD's dismissal of an administrative complaint is a "nonreviewable administrative action under the [APA]"), *aff'g* 892 F. Supp. 493 (S.D.N.Y. 1995). We decline to consider Commissiong's argument that her claims can proceed under the waiver of sovereign immunity in the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, because she raised it on appeal for the first time in a reply brief and we see no indication that she presented a Federal Tort Claims Act argument in the district court. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

Finally, contrary to Commisiong's appellate argument, dismissal—and not remand—was the proper remedy because the defendants are also immune from suit in state court. *See Cunningham v. Macon & Brunswick R.R. Co.*, 109 U.S. 446, 451 (1883) ("[N]either a state nor the United States can be sued as defendant in any court in this country without their consent . . . .").

We have considered all of Commissiong's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3